FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

2005 DEC 28   PM 2: 07

CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                          Case No. 2:05-cr-67-FTM-29DNF

TILMAN EUGENE CARTER
_____

## OPINION AND ORDER

This case is before the Court on defendant Tilman Eugene Carter's Motion to Suppress Identification (Doc. #44). An evidentiary hearing was conducted by Magistrate Judge Douglas N. Frazier, and on December 16, 2005, Judge Frazier submitted a Report and Recommendation (Doc. #62) to the Court recommending that defendants' motion be denied. Defendant filed Objections to Report and Recommendation (Doc. #63) on December 22, 2005.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b()1); <u>Williams v. Wainwright</u>, 681 F.2d 732, 732 (11th Cir. 1982), <u>cert. denied</u>, 459 U.S. 1112 (1983). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." <u>Jeffrey S. by Ernest S. v. State Bd. of Educ. of Ga.</u>,

party." <u>Jeffrey S. by Ernest S. v. State Bd. of Educ. of Ga.</u>, 896 F.2d 507, 512 (11th Cir. 1990)(quoting H.R. 1609, 94th Cong., § 2 (1976)).

The Court has read the motion, the transcript of the suppression hearing, and the legal memoranda submitted by the parties. After conducting a careful and complete review of the findings, conclusions and recommendations, and giving *de novo* review to the matters to which objections were filed, the Court accepts the factual findings, conclusions and recommendations of the magistrate judge, as supplemented below.

Alternatively, the Court concludes that showing only a single photograph of defendant to the officer was unduly suggestive, and proceeds to determine whether the totality of the circumstances establish that the identification was reliable. While showing only one photograph to a witness is not *per se* unduly suggestive, a long line of Eleventh Circuit cases have found such undue suggestiveness when a single photograph is utilized (although the facts were far different than in this case). <u>Bloodworth v. Hopper</u>, 539 F.2d 1382, 1383 (5th Cir. 1975); <u>Hudson v. Blackburn</u>, 601 F.2d 785, 788 (5th Cir. 1979), <u>cert. denied</u>, 444 U.S. 1086 (1980); <u>United States v. Cueto</u>, 611 F.2d 1056, 1063-64 (5th Cir. 1980); <u>United States v. Williams</u>, 616 F.2d 759, 761 (5th Cir.), <u>cert. denied</u>, 449 U.S. 857 (1980); <u>United States v. Cannington</u>, 729 F.2d 702, 711 (11th Cir. 1984).

The Court finds that under the totality of the circumstances the identification of defendant was reliable. The officer made a

hand-to-hand purchase of drugs from defendant on three separate occasions. On each occasion defendant was in close proximity to the officer for (even discounting the officer's estimate of time length) at least one minute. The officer spoke with defendant not only on the three occasions, but also numerous times on the telephone. The officer also saw and identified defendant on the day of the arrest. The officer paid close attention to defendant on each occasion, and was shown the photograph of defendant after each transaction to confirm the identity of the person known only as "Tim" to the officer. The officer never gave a description that was inconsistent with defendant, and was certain of her identification of defendant based upon her numerous contacts with him. There were extremely short time periods between the drug sales and the officer's confirmation of defendant's identity by writing her name on the photograph.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation is **accepted and adopted,** as supplemented.

2. Defendant's Motion to Suppress Identification (Doc. #33), is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this 28th day of December, 2005.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

3

Copies:

Hon. Douglas N. Frazier
United States Magistrate Judge

United States Attorney
Counsel of Record